STEPHEN BULL and Others v. HORACE S. RICH.[1]

SAME v. SILAS B. FOOT.

July 1, 1904.

Nos. 13,939, 13,941—(175, 177).

**Co-Sureties—Interest.**

The guardian of certain minors having defaulted upon his bond, a portion of the sureties paid to the obligees the amount of the liability, and filed their claim against the estate of the deceased principal, and then entered into a contract with the heir of the principal whereby they withdrew their claims from the estate without participating in dividends, and received in lieu thereof certain personal property and securities in full satisfaction of their claim as against the estate. Such sureties then converted the property so received into cash, applied it upon the indebtedness, and commenced this action against their co-sureties to recover their portion of liability upon the bond.

Among others, the defense was interposed that the property secured from the estate by means of the settlement was of greater value than had been accounted for, and that plaintiffs were guilty of laches with reference to the disposition of the property so secured, and in prosecuting the action against their co-sureties for contribution.

*Held,* plaintiffs were not entitled to interest until the amount of the liability was fixed by the decision of the trial court.

[1] Reported in 100 N. W. 213; 101 N. W. 490.

92 M.—31

Appeals by plaintiffs from judgments of the district court for Goodhue county, entered pursuant to the findings and orders of Williston, J. The appeals were argued and submitted together.   Affirmed.

*A. E. Boyesen,* for appellants.

Where one or more sureties are liable upon an obligation and the entire debt is discharged by one of them, such payment is considered as having been made for the use of the others, upon their request implied by law and the law immediately raises an obligation on the part of the others to pay to him their proportionate share and no special demand or notice of such payment is necessary.   1 Brandt, Sur. & G. § 293; Chaffee v. Jones, 19 Pick. 260; Cage v. Foster, 5 Yerg. 261; Wood v. Perry, 9 Iowa, 479; Parham v. Green, 64 N. C. 436; Mason v. Pierron, 69 Wis. 585.   According to the doctrine of some of the cases, the law implies on the part of a debtor a contract to pay interest upon the failure to perform an obligation for the payment of money, an implication created, it has been said, because in such cases justice to the creditor cannot be done without it.   16 Am. & Eng. Enc. (2d Ed.) 1006; Kenton v. First, 93 Ky. 129; Minard v. Beans, 64 Pa. St. 413; Perry v. Taylor, 1 Utah, 63; Wood v. Smith, 23 Vt. 706; Blodgett v. Converse, 60 Vt. 410.   In other cases this is stated to be an erroneous theory, that is, that the law does not imply a contract to pay interest upon the breach of a contract to pay money, but rather under the circumstances allows interest as damages and the very measure of damages for the breach. 16 Am. & Eng. Enc. (2d Ed.) 1007; Cook v. Fowler, 43 Law J. Ch. 855; In re Roberts, 14 Ch. Div. 49; Dodge v. Perkins, 9 Pick. (Mass.) 368; Mason v. Callender, 2 Minn. 302 (350); Gleason v. Briggs, 28 Vt. 135.

In this state the right of plaintiffs to recover interest under the circumstances in this case, is settled beyond question.   Cooper v. Reaney, 4 Minn. 417 (532); Mason v. Callender, supra; Brown v. Doyle, 69 Minn. 543; Ormond v. Sage, 69 Minn. 523; Perine v. Grand Lodge A. O. U. W., 51 Minn. 225.   Interest by way of damages is implied by law and need not be specially pleaded.   Brown v. Doyle, supra; Ormond v. Sage, supra.

It has been held that the cases where a demand is necessary are where payment of the principal debt is due on demand or where the

claim is for money paid under mutual mistake or for the conversion of property or where money of one person has come into the hands of another who is not chargeable with any fault or wrong in respect thereto. U. S. v. Curtis, 100 U. S. 119; U. S. v. Denvir, 106 U. S. 536; Ingersoll v. Campbell, 46 Ala. 282; Talbot v. National, 129 Mass. 67; Black v. Goodman, 1 Bailey L. (S. C.) 201; 16 Am. & Eng. Enc. (2d Ed.) 1021, but this has no application to the case at bar. But even assuming that a demand was necessary, the institution of this action will certainly constitute such a demand as would justify the assessment of interest from the time of its commencement. 16 Am. & Eng. Enc. (2d Ed.) 1023, and cases cited.

*O. M. Hall* and *F. W. Foot,* for respondents.

LEWIS, J.

In the decision rendered upon the appeal of defendants, supra, page 476, will be found a statement of the facts. In ordering judgment for plaintiffs in those cases, the court disallowed any interest, and this appeal is brought by plaintiffs to review the trial court upon that question.

In the complaint it is alleged that April 8, 1892, plaintiffs paid the wards, Robert H. and Charles H. Baker, the full amount of the sureties' liability upon the bonds, and interest is claimed from that date. The answer admitted the payment, and alleged that the proceedings in the probate court at Racine, Wisconsin, were taken without authority of law; that the property secured from the estate by means of the alleged settlement was of greater value than had been accounted for; that the release filed by plaintiffs released defendants, their co-sureties—and charged laches in reference to the disposition of the property secured from the estate and in prosecuting this action.

If plaintiffs had not made settlement with the heir of the guardian, and taken into their possession the personal property mentioned, and undertaken to realize on the same, but had brought this action directly for a contribution, then, by implication, a contract might arise to pay interest from that date. This is the generally recognized rule applicable where money is paid for the use or benefit of another. 16 Am. & Eng. Enc. (2d Ed.) 1011. If the claim had been permitted to remain on file, and taken its distributive share of the dividends in the usual process of

administration, no doubt plaintiffs might have prosecuted an action against defendants for a contribution of the amount paid, without waiting for a final settlement of the guardian's estate and application of those funds. 1 Brandt, Sur. & G. § 274. In such case plaintiffs would have to account to defendants, as co-sureties, for the amount received from the estate; and, had plaintiffs pursued that course, they might have been entitled to recover interest from the date of payment. That plaintiffs received by settlement with the heir property of more value than sufficient to cancel the debt, had the same been handled and disposed of in the proper manner, was the subject of the litgation.

The trial court received evidence upon those questions, determined the value of the property, and charged against plaintiffs a considerably larger amount than they had given defendants credit for. It can hardly be claimed that the liability was fixed and determined until the trial court filed its order for judgment. In the case of Swanson v. Andrus, 83 Minn. 505, 86 N. W. 465, the question of interest upon unliquidated claims is considered; and the general rule is there stated that so long as a demand rested upon a contingency, and was not ascertainable by general, recognized standards, such as market value, interest would not commence to run until such definite period was fixed.

Under all the circumstances, considering the nature of the securities, the time taken to convert them, and the time elapsing before commencing suit, we are not prepared to say that the court did not exercise a reasonable discretion in disallowing interest, and the holding is fairly supported by evidence tending to show that the amount of defendants' liability was unliquidated.

Judgment affirmed.

On November 25, 1904, the following opinion was filed:

PER CURIAM.

This action having been submitted on reargument, and having been duly considered, it is ordered that the previous decision be approved and adhered to.